IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANGEL GOMES and SEBASTIAN BRADFORD, Individually and On Behalf Of All Similarly Situated Persons<br>    Plaintiffs, | § | |
| V. | § | CIVIL ACTION NO. 4:17-cv-1141 |
| M&C GLOBAL, INC. and PAUL BACHET,<br>    Defendants. | §<br>§ | JURY DEMANDED |

## PLAINTIFFS' ORIGINAL COLLECTIVE ACTION COMPLAINT

This is an action arising under the Fair Labor Standards Act of 1938 ("FLSA"), brought both as an individual action and collective action to recover unpaid overtime compensation, liquidated damages, and attorney's fees owed to Plaintiffs Angel Gomes and Sebastian Bradford and all other similarly situated employees ("Members of the Class") employed by, or formerly employed by Defendants, their subsidiaries and affiliated companies.

### Parties

1.    Plaintiffs Angel Gomes ("Gomes") and Sebastian Bradford ("Bradford"), are former employees of Defendants, were personally engaged in interstate commerce during their employment with the Defendants, and are represented by the undersigned.

2.    Defendant, M&C Global, Inc., ("M&C") is a Texas corporation and is and was an "employer" of the Plaintiffs as that term is defined by the FLSA. With respect to Plaintiffs and Members of the Class, M&C is subject to the provisions of the FLSA. M&C was at all relevant times an enterprise engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. §§ 203(r) and (s), and had gross annual revenues in excess of $500,000.00. M&C may be served through its registered agent, Paul Bachet, 2909 Hayes Road #805, Houston, Texas 77082, or wherever he may be found.

3. Defendant, Paul Bachet ("Bachet") is an individual resident of the State of Texas and was an "employer" of the Plaintiffs as that term is defined by the FLSA. With respect to Plaintiffs and Members of the Class, Bachet is subject to the provisions of the FLSA. Bachet was at all relevant times an enterprise engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. §§ 203(r) and (s), and had gross annual revenues in excess of $500,000.00. Defendant Bachet may be served at 2909 Hayes Road #805, Houston, Texas 77082, or wherever he may be found.

**Jurisdiction and Venue**

4. This Court has jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendants and Plaintiffs transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well. At all times pertinent to this Complaint, Defendants were an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet. At all times pertinent to this Complaint, Defendants regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §2013(r) and 203(s). Additionally, Plaintiffs were individually engaged in commerce and their work was essential to Defendants' business. Venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendants and Plaintiffs transacted business within this judicial district and some of the events underlying this complaint occurred within this judicial district. Upon information and belief, Defendants conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

**Factual Allegations**

General Overview

5. Plaintiffs Angel Gomes and Sebastian Bradford and the members of the proposed

Putative Class ("Employees") were on the payroll of the Defendants as described below. The Defendants placed the Employees to work at various automobile dealers in the Houston area, and possibly other geographic areas. The Employees, although employed by the Defendants, were under the control and direction of the automobile dealerships throughout their workday, and were directly supervised by employees and agents of the automobile dealerships. Plaintiffs thus contend that the Defendants and the automobile dealerships were joint employers of the Employees, and should be held jointly and severally liable for the Employees' unpaid overtime wages. Plaintiffs are asking that the Court certify a conditional class of Defendants' employees and former employees.

## Allegations of FLSA Violations

6.      Plaintiffs and those employees similarly situated to Plaintiffs were paid on an hourly basis and were paid the same hourly rate for all hours worked, even those hours over 40 in a workweek ("straight time"). That is, Plaintiffs and others were not paid an overtime premium for hours worked over 40 as is required by the FLSA. Plaintiffs and the Members of the class regularly worked over 40 hours per week without being paid time-and-a-half as required by the FLSA.

7.      Plaintiff Gomes worked for Defendants as an auto dealership porter from January 1, 2015 until September 16, 2016. Gomes's duties included, but were not limited to, driving/moving cars within the dealership from one location to another, approaching and greeting customers, surveying the vehicles to assess condition, checking for damage and other conditions for maintenance purposes, maintaining and cleaning vehicles, show rooms and other areas of the dealership where new and used vehicles were being showcased for sale. Gomes also functioned in the role of concierge/shuttle driver, transporting the customers that would come

3

into the dealership to drop off their vehicles for maintenance or repairs. Plaintiff would drive the customers back to their homes, jobs or other locations as needed and he would also pick them up once the work on their vehicle was done.

8. Plaintiff Bradford worked for Defendants as an auto dealership valet porter for approximately three months during the summer of 2016. Bradford's duties included, but were not limited to, driving/moving cars within the dealership from one location to another, approaching and greeting customers, surveying the vehicles to assess condition, checking for damage and other conditions for maintenance purposes, parking vehicles once they were washed, and valet parking vehicles for customers.

9. At all times relevant hereto, the Defendants knew of, approved of, and benefited from Plaintiffs' regular and overtime work. Plaintiffs were not "exempt" employees.

10. Defendants did not make a good faith effort to comply with the minimum wage or overtime provisions contained within the FLSA.

11. Defendants' actions were willful and in blatant disregard for Plaintiffs' federally protected rights. The Defendants are in the business of placing personnel with their clients, and are thus well-versed in the overtime requirements of the FLSA, and are aware that failing to pay hourly employees overtime for hours worked over 40 in a workweek is a violation of the law. In addition, Defendants have been previously sued for FLSA violations. Thus, Plaintiffs and Members of the Class are entitled to receive overtime pay for the three years prior to filing of this lawsuit ("Relevant Time Period").

### Plaintiffs' Individual Allegations

12. As non-exempt employees, Plaintiffs were entitled to be paid their regular wages and to be paid an overtime premium for all hours worked over forty-(40)-hours in each

4

workweek. Defendants failed to pay Plaintiffs the required overtime premium most of the workweeks that the Plaintiffs were employed by Defendants during the Relevant Time Period, as the Plaintiffs worked in excess of 40 or more hours in many weeks, and often worked more than 50 hours per week. Again, Plaintiffs were paid on an hourly basis, but were not paid premium pay for hours worked over 40.

13. No exemption excuses the Defendants from paying Plaintiffs for all time spent and work performed during the hours they worked, and the Defendants have not made a good faith effort to comply with the FLSA. As such, the Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation with respect to Plaintiffs. Such practice was and is a clear violation of the FLSA.

## Collective Action Allegations

14. Other employees have been victimized by the Defendants' pay practices and policies that are in willful violation of the FLSA. A number of these employees have worked with Plaintiffs. Thus, Plaintiffs are aware that the illegal practices or policies of the Defendants have been imposed on the Members of the Class. Specifically, through speaking with other employees, Plaintiffs are aware that Defendants make a regular practice of not paying the required overtime premium for hours worked over 40 in a workweek, but instead pay all their porters on the same basis as the Plaintiffs, "straight time" hourly.

15. The Members of the Class performed work that is similar in nature to that performed by Plaintiffs; these individuals worked alongside the Plaintiffs performing the same type of manual, physical work that the Plaintiffs performed. Accordingly, the employees victimized by the Defendants' unlawful practices are similarly situated to Plaintiffs in terms of their job duties.

16. Further, each member of the class was paid according to a common payment scheme. Thus, although the amount of damages may vary from individual to individual, the damages can be calculated by using a single mathematical formula that is individually applicable to each Member of the Class. The Members of the Class are, therefore, similarly situated in terms of pay provisions.

17. The Defendants' failure to pay its employees as required by the FLSA resulted from a generally applicable policy that does not depend on the personal circumstances of the Members of the Class. This generally applicable policy is prohibited by the FLSA. Thus, Plaintiffs' experience is typical of the experiences of the Members of the Class.

18. No justification or exemption excused the Defendants from paying the Members of the Class for all work performed and time spent working, and the Defendants did not make a good faith effort to comply with the FLSA. As such, the Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation with respect to the Members of the Class.

19. The class of similarly situated Plaintiffs is properly defined as:

> **All persons employed on an hourly basis by Defendants M&C Global, Inc. and Paul Bachet during the three-year period preceding the filing of this Complaint.**

## CAUSE OF ACTION

### Violation of the FLSA – Failure to Pay Overtime Wages Owed

20. Based on the foregoing, Defendants violated the FLSA by failing to properly compensate Plaintiffs and Members of the Class for work performed in the employ of the Defendants.

21. Plaintiffs and Members of the Class have suffered damages as a direct result of Defendants' illegal actions.

22. Defendants are liable to Plaintiffs and all Members of the Class for unpaid overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA, for the three-year period preceding the filing of this lawsuit.

## **Demand for Jury**

23. Plaintiffs demand a trial by jury.

## **Prayer for Relief**

WHEREFORE, Plaintiffs and all employees similarly situated who join in this action demand:

1. Issuance of notice as soon as possible to all persons employed by M&C Global and Paul Bachet as hourly employees during the three-year period immediately preceding the filing of this Complaint. Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid correctly for work performed or hours worked during any portion of the statutory period;
2. Judgment against Defendants for an amount equal to Plaintiffs' and the Members of the Class's unpaid overtime wages at the applicable rate;
3. An equal amount to the overtime wage damages as liquidated damages;
4. Judgment against Defendants that their violations of the FLSA were willful;
5. To the extent that liquidated damages are not awarded, an award of prejudgment interest;
6. All costs and attorney's fees incurred prosecuting these claims;
7. Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;
8. Leave to amend to add claims under applicable state laws; and
9. For such further relief as the Court deems just and equitable.

THE BUENKER LAW FIRM

Respectfully Submitted,

*/s/ Josef F. Buenker*
Josef F. Buenker
TBA No. 03316860
jbuenker@buenkerlaw.com
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile
**ATTORNEY-IN-CHARGE FOR PLAINTIFFS**

**OF COUNSEL:**
Vijay Pattisapu
TBA No. 24083633
S.D. Tex. No. 1829615
vijay@buenkerlaw.com
**THE BUENKER LAW FIRM**
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile
**ATTORNEY FOR PLAINTIFFS**